STATE OF MAINE                                          SUPERIOR COURT
CUMBERLAND, ss.                                         CIVIL ACTION
                                                        Docket No. AP-12-65
                                                        TDW -CUM 7/25/2013

CHRISTOPHER NIELSEN,

                    Plaintiff

v.                                                      ORDER

MAINE UNEMPLOYMENT INSURANCE
COMMISSION,

                    Defendant

Before the court is Christopher Nielsen's appeal from an October 30, 2012 decision of the Maine Unemployment Insurance Commission determining that Nielsen was discharged from his employment for misconduct within the meaning of 26 M.R.S. § 1043(23) and was therefore not entitled to unemployment insurance benefits.

On this appeal the court's role is to determine whether the Commission correctly applied the law and whether its findings are supported by any competent evidence. McPherson Timberlands Inc. v. Unemployment Insurance Commission, 1998 ME 177 ¶ 6, 714 A.2d 818. The court cannot overrule a decision of the Commission unless the record before the Commission compels a contrary result. Id. The court should not substitute is own judgment for that of the agency and must affirm findings of fact if they are supported by substantial evidence in the record. Rangeley Crossroads Coalition v. Land Use Regulation Commission, 2008 ME 115 ¶ 10, 955 A.2d 223.

Reviewing the evidence under this standard, the Commission could properly have found based on the record that Nielsen did not choose one of the three scheduling options presented to him by his employer on April 12, 2013. There is considerable ambiguity and room for misunderstanding in the record on this issue but even if the

court would have assessed the evidence differently, it is the Commission's role to determine credibility and to reconcile conflicts in the evidence. See Sprague Electric Co. v. Maine Unemployment Insurance Commission, 544 A.2d 728, 732 (Me. 1988). Regardless of whether the court would have reached the same result, it must uphold the Commission's factual findings if there is evidence in the record to support those findings.

The remaining question in the case is whether Nielsen's failure to choose one of the scheduling options presented by his employer constituted misconduct as a matter of law. The Commission found that Nielsen had worked for his employer for nine years and that he had a regular schedule of Friday and Saturday nights off but had sometimes been available to work on those nights on an as needed basis. The Commission also found that Nielsen had become increasingly resistant to altering his schedule and that the employer's business need for greater flexibility had led to the meeting on April 12 at which the employer had presented Nielson with options. The Commission further found that on April 12 Nielsen had stated that he would not be able to guarantee that he would be available to come in if needed on his scheduled days off.

The Commission found that following the April 12 meeting, the employer prepared a memo stating that based on Nielsen's failure to agree to any of the three options presented, the employer was no longer able to accommodate Nielsen's schedule and therefore would have to terminate Nielsen's employment. Nielsen was called into a meeting on April 13, the day after the options had been presented. The general manager read him the memo, and Nielsen was terminated that same day.

Accepting all those facts, Nielsen's April 12 failure to choose one of the options presented does not constitute "misconduct" as a matter of law. Title 26 M.R.S. § 1043(23) defines "misconduct" in pertinent part as follows:

2

a culpable breach of the employee's duties or obligations to the employer or a pattern of irresponsible behavior, which in either case manifests a disregard for a material interest of the employer. . . .

A. The following acts or omissions are presumed to manifest a disregard for a material interest of the employer. If a culpable breach or a pattern of irresponsible behavior is shown, these actions or omissions constitute "misconduct" as defined in this subsection. This does not preclude other acts or omissions from being considered to manifest a disregard for a material interest of the employer. The acts or omissions included in the presumption are the following:

(1) Refusal, knowing failure or recurring neglect to perform reasonable and proper duties assigned by the employer;

(2) Unreasonable violation of rules that are reasonably imposed and communicated and equitably enforced;

(3) Unreasonable violation of rules that should be inferred to exist from common knowledge or from the nature of the employment;

(4) Failure to exercise due care for punctuality or attendance after warnings;

(5) Providing false information on material issues relating to the employee's eligibility to do the work or false information or dishonesty that may substantially jeopardize a material interest of the employer;

(6) Intoxication while on duty or when reporting to work or unauthorized use of alcohol while on duty;

(7) Using illegal drugs or being under the influence of such drugs while on duty or when reporting to work;

(8) Unauthorized sleeping while on duty;

(9) Insubordination or refusal without good cause to follow reasonable and proper instructions from the employer;

(10) Abusive or assaultive behavior while on duty, except as necessary for self-defense;

(11) Destruction or theft of things valuable to the employer or another employee;

(12) Substantially endangering the safety of the employee, coworkers, customers or members of the public while on duty;

(13) Conviction of a crime in connection with the employment or a crime that reflects adversely on the employee's qualifications to perform the work; or

(14) Absence for more than 2 work days due to incarceration for conviction of a crime.

3

In finding that Nielsen was terminated for misconduct, the Commission relied on § 1043(23)(A)(9) – that Nielsen's conduct amounted to "insubordination or refusal without good cause to follow reasonable and proper instructions from the employer." However, the Commission did not find that Nielsen was instructed in the April 12 meeting that he had to choose one of the three alternatives or be terminated. While a refusal by Nielsen to work on a shift when the employer required his presence might constitute insubordination,[1] Nielsen's discussions with the employer on April 12 never reached that point.

Based on the Commission's findings, the employer and Nielsen had a discussion over future scheduling which did not result in agreement. The employer thereafter wrote a letter unilaterally terminating Nielsen. Nothing in that letter (R. 99) suggests that Nielsen was being given a last opportunity to agree to the employer's scheduling proposal before he faced termination – at that point the decision to terminate had been made and the letter read to Nielsen stated that his termination was "effective immediately."

Something more than failing to agree on future scheduling alternatives is necessary to constitute "insubordination" within the meaning of section 1043(23)(A)(9). This is particularly true given the Commission's finding that Nielsen was uncertain as to exactly how he would be affected by the employer's scheduling alternatives. See R.

---

[1] There was evidence at the hearing that on one occasion in March 2012 Nielsen had expressed his reluctance to work on a Saturday but it is undisputed that in that instance he ultimately did work on one of his off days as the employer had requested. R. 36-37.

4

11 (finding that Nielsen did not know if the employer's proposal "meant he would have to be flexible for a few nights out of the year or most nights out of the year").[2]

In sum, Nielsen's conduct on April 12 cannot be found as a matter of law to constitute insubordination. Nor did it otherwise constitute a culpable breach of Nielsen's duties to his employer, a pattern of irresponsible behavior, or a disregard for a material interest of the employer, see 26 M.R.S. § 1043(23), sufficient to disqualify him from unemployment benefits.

The entry shall be:

The decision of the Maine Unemployment Insurance Commission denying plaintiff Christopher Nielsen unemployment benefits is reversed and the Commission is directed to order the payment of benefits. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: July 25, 2013

Thomas D. Warren
Justice, Superior Court

---

[2] The Commission notes that Nielsen failed to ask for clarification on that issue. Id. However, a failure to ask for clarification does not constitute insubordination.

5

Date Filed __12-13-12__ __CUMBERLAND__ Docket No. __AP-12-65__
County

Action ___80C APPEAL___

CHRISTOPHER NIELSEN                    UNEMPLOYMENT INSURANCE COMMISSION

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| PRO SE<br>PO BXO 18189<br>PORTLAND ME 04112 | ELIZABETH WYMAN, AAG<br>OFFICE OF THE ATTORNEY GENERAL<br>6 STATE HOUSE STATION<br>AUGUSTA, ME 04333-0006<br><br>N. PAUL GAUVREAU, AAG<br>OFFICE OF THE ATTORNEY GENERAL<br>6 STATE HOUSE STATION<br>AUGUSTA, ME 04333-0006 |

Date of
Entry